1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   RICHARD LUKEN,                          )   Civil No. 00-CV-2370-L(LAB)
                                             )
12                 Petitioner,               )   **ORDER DENYING MOTION FOR**
                                             )   **RELIEF FROM JUDGMENT**
13   v.                                      )   **UNDER RULE 60(b) [doc. #73]**
                                             )
14   STEVEN CAMBRA, *et al.,*                )
                                             )
15                 Respondents.              )
                                             )
16   _____        )

17        Petitioner Richard Luken filed a petitioner for writ of habeas corpus under 28 U.S.C. §

18   2254 on November 29, 2000.  On May 3, 2001, petitioner amended his petition.  Respondents

19   filed their answer [doc. #44] to the amended petition and petitioner filed a traverse [doc. #45].

20   On August 9, 2001, petitioner submitted supplemental lodgements in support of his petition.

21        On April 11, 2002, then-United States Magistrate Judge Larry A. Burns issued a Report

22   and Recommendation ("Report") describing the legal and factual basis for recommending that

23   petitioner's habeas corpus petition be denied.  The parties were permitted to file objections to the

24   Report.  On May 3, 2002, petitioner timely filed objections to the Report.

25        The Court reviewed the Report and petitioner's objections thereto, and on August 14,

26   2002, the Court adopted the Report in its entirety and denied with prejudice the petition for writ

27   of habeas corpus. [doc. #62].  Judgment was entered on August 15, 2002. [doc. #63].  On August

28   27, 2002, petitioner filed a notice of appeal.  The district court denied petitioner a certificate of

1   appealability concluding that he had failed to raise serious and substantial legal concerns that

2   implicated his constitutional rights. [doc. #67].  On August 4, 2003, the Ninth Circuit Court of

3   Appeals also denied petitioner a certificate of appealability which served to terminate the appeal.

4   [doc. #68].

5       Almost four years later, on May 30, 2007, petitioner attempted to file a document entitled:

6   "Motion to have Judge Burns excluded."  The Court rejected the document because the case was

7   closed. [doc. #70].  On July 18, 2007, petitioner attempted to file a "Motion/Petition for

8   Certificate of Appealability" [doc. #71] which the Court again rejected because the district and

9   appellate courts previously had denied petitioner's request for a certificate of appealability and

10   the case had been closed.

11       On August 8, 2007, petitioner filed a motion for relief[1] from the judgment that dismissed

12   the petition with prejudice and/or denied motion to amend.[2] [doc. #73]   Petitioner brings his

13   motion under Federal Rule of Civil Procedure 60(b)(5) and (6).  (*See* Motion at 1).

14                                    **DISCUSSION**

15       Rule 60 of the Federal Rules of Civil Procedure provides a means of altering a judgment

16   for one of six reasons.  Rule 60(b) provides:

17           (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence;
             Fraud, etc. On motion and upon such terms as are just, the court may relieve a
18           party or a party's legal representative from a final judgment, order, or proceeding
             for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;
19           (2) newly discovered evidence which by due diligence could not have been
             discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether
20           heretofore denominated intrinsic or extrinsic), misrepresentation, or other
             misconduct of an adverse party; (4) the judgment is void; (5) the judgment has
21           been satisfied, released, or discharged, or a prior judgment upon which it is based
             has been reversed or otherwise vacated, or it is no longer equitable that the
22           judgment should have prospective application; or (6) any other reason justifying
             relief from the operation of the judgment. The motion shall be made within a
23           reasonable time, and for reasons (1), (2), and (3) not more than one year after the

24   _____

25       [1]    The Court notes that petitioner did not serve respondents with a copy of this motion.
     Accordingly, the Court could have stricken the motion.   Nevertheless, the Court will review the
26   merits of the motion *sua sponte*.

27       [2]    The day after judgment was entered in this action, petitioner attempted to file a motion
     to amend the petition.  But the motion was rejected and not filed.  Accordingly, the motion was never
28   considered and the Court has taken no action on the issue of petitioner amending the petition after the
     entry of judgment.

1            judgment, order, or proceeding was entered or taken. . . ..

2 FED. R. CIV. P. 60(b).

3         **1.**          **Request for relief under Rule 60(b)(5)**

4        As noted above, petitioner brings his Rule 60(b) motion under subsections (5) and (6).  A

5 review of the motion, however, finds no statement indicating that the "judgment has been

6 satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed

7 or otherwise vacated, or it is no longer equitable that the judgment should have prospective

8 application."  FED. R. CIV. P. 60(b)(5).  The Court's entry of judgment in 2002 was not "based

9 on" a judgment that has been reversed or vacated. *See* FED. R. CIV. P. 60(b)(5); *Tomlin v.*

10 *McDaniel*, 865 F.2d 209, 210-11 (9th Cir. 1989) ("[T]he application of Rule 60(b)(5) is limited

11 to a judgment based on a prior judgment reversed or otherwise vacated-based in the sense of res

12 judicata, or collateral estoppel, or somehow part of the same proceeding.").  Accordingly, the

13 Court will deny petitioner's motion to the extent it relies on Rule 60(b)(5).

14         **2.**          **Timeliness of the Rule 60(b)(6) motion**

15        A party is entitled to relief under Rule 60(b)(6) where "extraordinary circumstances

16 prevented [him] from taking timely action to prevent or correct an erroneous judgment."

17 *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir.1997) (citations and quotation marks

18 omitted); *see also Ackermann v. United States*, 340 U.S. 193, 200-02, 71 S.Ct. 209 (1950).  Rule

19 60(b)(6) is to be used "sparingly [and] as an equitable remedy to prevent manifest injustice." *United*

20 *States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993).  Further, Rule 60(b)

21 expressly limits the time within which a motion for relief from judgment may be made.  Motions

22 based on mistake, inadvertence, surprise, or excusable neglect, FED. R. CIV. P. 60(b)(1); on

23 newly discovered evidence, FED. R. CIV. P. 60(b)(2); or on fraud, misrepresentation, or other

24 misconduct of an adverse party, FED. R. CIV. P. 60(b)(3), must be made "within a reasonable

25 time" and "not more than one year after the judgment, order, or proceeding was entered or

26 taken," FED. R. CIV. P. 60(b).  Motions based on other reasons, including on "any other reason

27 justifying relief from the operation of the judgment," FED. R. CIV.P. 60(b)(6), must be made

28 "within a reasonable time."  FED. R. CIV. P. 60(b).  "What constitutes 'reasonable time' depends

00cv2370

1  upon the facts of each case, taking into consideration the interest in finality, the reason for the

2  delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice

3  to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

4      Here, petitioner's petition was filed on November 29, 2000; judgment entered on August

5  15, 2002; the notice of appeal filed on August 27, 2002; the appeal dismissed by way of a denial

6  for a certificate of appealability on August 4, 2003.   The present motion was filed on August 8,

7  2007.  Because an appeal was taken and dismissed four years prior to the pending motion, the

8  interest in finality must be given "great weight."  *Id.*

9      A movant seeking relief under Rule 60(b)(6) is required to show "extraordinary

10  circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby,* 125 S. Ct. 2641,

11  2649 (2005)(citing *Ackermann v. United States*, 340 U.S. 193, 199(1950); *Liljeberg v. Health*

12  *Services Acquisition Corp*., 486 U.S. 847, 864 (1988)).  "This very strict interpretation of Rule

13  60(b) is essential if the finality of judgments is to be preserved."  *Liljeberg*, 486 U.S. at 873

14  (Rehnquist, C. J., dissenting).  "Such [extraordinary] circumstances will rarely occur in the

15  habeas context."  *Gonzalez,* 125 S. Ct. at 2649.

16      Luken has not demonstrated that "extraordinary circumstances prevented [him] from

17  taking timely action to prevent or correct" the judgment.  *Hamilton v. Newland*, 374 F.3d 822,

18  825 (9th Cir. 2004) (quoting *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997))

19  (alteration in original).  There is nothing in the record to demonstrate diligence in pursuing his

20  claims during the four year period after his appeal was dismissed.  *See Mendoza v. Carey*, 449

21  F.3d 1065, 1070 (9th Cir. 2006). There was no "change of circumstances between the time when

22  [he] filed his habeas petition and the time when he filed his 60(b) motion" that justifies relief.

23  *Id.*  His delay in raising his current motion "may be attributable to inattention or inexperience

24  but neither deficiency constitutes an 'extraordinary circumstance' that justifies Rule 60(b)

25  relief." *Greenawalt*, 105 F.3d at 1273.  Circumstances have not changed apart from petitioner's

26  belated attempt to argue a legal theory he raised or should have raised earlier.

27      Finally, to the extent Luken's Rule 60(b)(6) motion attempts to "assert, or reassert, claims

28  of error in [his] state conviction," the Court cannot consider them.  *See Gonzalez v. Crosby*, 545

1  U.S. 524, 538, 125 S. Ct. 2641, 2648 (2005)("In some instances, a Rule 60(b) motion will

2  contain one or more 'claims.'  A motion can also be said to bring a 'claim' if it attacks the

3  federal court's previous resolution of a claim on the merits, since alleging that the court erred in

4  denying habeas relief on the merits is effectively indistinguishable from alleging that the movant

5  is, under the substantive provisions of the statutes, entitled to habeas relief.  That is not the case,

6  however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of

7  a claim on the merits, but some defect in the integrity of the federal habeas proceedings.").

8      Luken states that "I am not attacking Judge Burns ruling on the merits rather I am

9  attacking on the integrity of the proceedings and or a defect in the integrity of the judgment on

10  cv 2370L(LAB)."  (Motion for relief at 2, n.1).  Accordingly, the Court treats petitioner's motion

11  as one under 60(b) and not as a second or successive habeas petition under the Antiterrorism and

12  Effective Death Penalty Act ("AEDPA") that would require the approval of the Court of Appeals

13  to be filed.  28 U.S.C. § 2244(b)(3)(A); *Hamilton v. Newland*, 374 F.3d 822 (9th Cir. 2004)

14      Luken's Rule 60(b)(6) motion is untimely.  Moreover, petitioner cannot challenge the

15  Court's prior determination on the merits of his habeas petition in his Rule 60(b)(6) motion.  *See*

16  *Gonzalez*, 545 U.S. 524, *passim.*

17                              **CONCLUSION**

18      Based on the foregoing, **IT IS ORDERED** denying petitioner's motion for relief from

19  judgment.

20      **IT IS SO ORDERED.**

21  DATED:  August 14, 2007

22                              _____
                              M. James Lorenz
23                              United States District Court Judge

24  COPY TO:

25  ALL PARTIES/COUNSEL

26

27

28

00cv2370